FILED
DALLAS COUNTY
11/6/2019 9:11 AM
FELICIA PITRE
DISTRICT CLERK

Veronica Vaughn

CAUSE NO. DC-19-08188

| | | |
|---|---|---|
| GLAST, PHILLIPS & MURRAY, P.C., § | § | IN THE DISTRICT COURT |
| Plaintiff; | § | |
| v. | § | |
| HOSSEIN S. NAMDARKHAN | § | |
| (a/k/a Shawn Namdarkhan or | § | |
| Shawn Namdar) individually and in his | § | 193rd JUDICIAL DISTRICT |
| capacities as President, Director and/or | § | |
| Managing Member of Defendants | § | |
| Kid's Depot, Inc. and SMN LLC; | § | |
| KID'S DEPOT, INC.; SMN LLC, | § | |
| and MARJANEH NAMDAR (a/k/a | § | |
| MARJANEH NAMDARKHAN or | § | |
| MARGE NAMDARKHAN) | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION

Now comes Glast, Phillips & Murray, P.C., Plaintiff herein, and complains of Hossein Namdarkhan (a/k/a Shawn Namdarkhan or Shawn Namdar) individually and in his capacities as President, Director and/or Managing Member of Defendants Kid's Depot, Inc. and SMN LLC ("Defendant Namdar" herein); Kid's Depot, Inc. ("Defendant Kid's Depot" herein); SMN, LLC ("Defendant SMN" herein) and Marjaneh Namdar (a/k/a Marjaneh Namdarkhan or Marge Namdarkhan) ("Defendant Marjaneh" herein) and for such cause of action would respectfully show this Honorable Court as follows:



I.

## DISCOVERY CONTROL PLAN

Plaintiff intends that discovery be conducted under Level 2 of the Texas Rules of Civil Procedure and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary damages in excess of $100,000 and other relief.

II.

## RELIEF SOUGHT

Plaintiff seeks damages and relief setting aside the transfer of assets of Defendants from Defendant Kid's Depot to Defendant SMN that was effected on June 8, 2015.

III.

## PARTIES

3.1     Plaintiff is a professional corporation with its principal place of business located at 14801 Quorum Drive, Suite 500, Dallas Texas 75254.

3.2     Defendant Hossein Namdarkhan (a/k/a Shawn Namdarkhan or Shawn Namdar), individually and in his capacities as President, Director and/or Managing Member of Defendants Kid's Depot, Inc. and SMN LLC, is a resident of Dallas County Texas where he resides. Defendant Namdar has been served and filed his original answer herein.

3.3     Defendant Kid's Depot, Inc. is a Texas corporation. Service has been made upon Defendant Kid's Depot by serving its registered agent Hossein S. Namdar. Defendant Kid's Depot has filed its original answer herein.

3.4     Defendant SMN LLC is a Texas limited liability company. Defendant SMN has filed its original answer herein.

3.5     Defendant Marjaneh Namdar (a/k/a Marjaneh Namdarkhan or Marge Namdarkhan) is a resident of Dallas County Texas where she resides and may be served at 5907 Park Lane, Dallas Texas.

## IV.

## RESERVATION OF RIGHTS TO ADD ADDITIONAL PARTIES

Plaintiff specifically reserves the right to add any additional parties who, after discovery, is shown to have wrongfully received or been transferred any asset of or from Defendants.

## V.

## FACTS

5.1     Plaintiff is a Dallas-based law firm which Defendant Namdar and his son, Brad, retained for substantial legal services in March of 2015. By June 2015 Plaintiff had billed Defendant Namdar more than $50,000 and Defendant Namdar had received the bills and had actual knowledge of their contents. At the time of his receipt of these invoices, Defendant Namdar intended to seek additional work from Plaintiff for which he knew Plaintiff would charge. At the time he incurred these charges and intended to cause additional legal work, he knew that his total income in 2015 would be less than this debt. His total income for 2015 was only $20,000. All of that income was derived from his business known as Kid's Depot, Inc. which owned a commercial building in Tyler, Texas appraised on the tax rolls of Smith County in 2015 at a value of $1,312,800.

5.2 Knowing that he would be expected to pay for the services already rendered and those he would insist upon in the future and knowing his income was insufficient to pay for the services he had ordered, on June 8, 2015 Defendant Namdar transferred all of his interest in Defendant Kid's Depot and/or caused Defendant Kid's Depot to transfer all of its assets, by converting that entity to a limited liability company and changing its name to SMN LLC.

5.3 Based upon information and belief, Plaintiff alleges that one or more of Defendants Namdar, Kid's Depot, and/or SMN transferred to Defendant Marjaneh, or an entity she controls, an interest in Kid's Depot and/or SMN by approximately March 2017.

5.4 Defendant Namdar continued to demand services and was billed for Plaintiff's services on a monthly basis as agreed. Yet Defendant Namdar failed to pay what was owed and in January of 2016 Plaintiff filed suit against Defendant Namdar and Brad to recover unpaid fees and expenses. After numerous cross and counterclaims were filed and several motions for summary judgment were granted in Plaintiff's favor dismissing all of those claims, a jury trial commenced and Plaintiff obtained a unanimous jury verdict against Defendant Namdar and Brad in the amount of $1,343,097.86. That verdict was reduced to a judgment dated April 24, 2018. A true and correct copy of that judgment is attached hereto marked as Exhibit A and is incorporated herein for all purposes.[1]

---

[1] Defendant has appealed this judgment to the Dallas Court of Appeals and has filed a supersedeas bond. That appeal is still pending.

## VI.

## CAUSES OF ACTION:

### FRAUDULENT TRANSFER UNDER §24.005 OF THE TEXAS BUSINESS & COMMERCE CODE

6.1 Plaintiff alleges that the transfer/conversion to a limited liability company and the transfer, if made, from Defendant Namdar or the limited liability company to Defendant Marjaneh were fraudulent as to at least Plaintiff as a creditor of Defendant Namdar because the Plaintiff's claim arose before or within a reasonable time after the transfers/conversion were made and because Defendant Namdar made the transfer(s) with actual intent to hinder, delay, or defraud at least one of his creditors and/or because he did not receive a reasonably equivalent value in exchange for the transfer(s) and he was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or he intended to incur, or he believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

6.2 Plaintiff alleges that the transfer(s) were made to an insider, Defendant Namdar retained possession and control of the property transferred after the transfer, before the transfer was made he knew of a potential lawsuit by Plaintiff, the transfer(s)/conversion were of substantially all of his assets and he was insolvent or became insolvent shortly before or after the transfer(s)/conversion were made.

## VII.

## CAUSES OF ACTION:

## FRAUDULENT TRANSFER UNDER §24.006
## OF THE TEXAS BUSINESS & COMMERCE CODE

7.1 The transfer to SMN LLC was fraudulent because Defendants Namdar did not receive a reasonably equivalent value in exchange for the transfer and Defendant Namdar was insolvent at the time or he became insolvent as a result of the transfer.

7.2 The transfer from Namdar and/or Kid's Depot and/or SMN, LLC to Defendant Marjaneh was fraudulent, if made, because Defendant Namdar did not receive a reasonably equivalent value in exchange for the transfer and he was insolvent at the time or he became insolvent as a result of the transfer. Furthermore, if Defendant Marjaneh received her transfer from Defendant SMN, it is ineffective because the transfer from Defendant Namdar/Kid's Depot to Defendant SMN was fraudulent.

## VIII.

Plaintiff alleges that Defendant Namdar acted individually as well as in his agency and/or official capacities and roles with and for the other Defendants to effectuate this/these fraudulent transfer(s) and accordingly, is liable for each of the wrongs alleged.

## IX.

## REMEDIES

As a result of the fraudulent transfer(s), Plaintiff is entitled to any one or more of the following:

(1) avoidance of the transfer(s) or obligation(s) to the extent necessary to satisfy the creditor's claim;

(2) an attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with the applicable Texas Rules of Civil Procedure and the Civil Practice and Remedies Code relating to ancillary proceedings; or

(3) subject to applicable principles of equity and in accordance with applicable rules of civil procedure:

(A) an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;

(B) appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or

(C) any other relief the circumstances may require.

Furthermore, because Plaintiff has already obtained a judgment against Defendant Namdar, Plaintiff requests the court to order, subject to the current or then existing appeal process, execution on the asset transferred and its proceeds.

## X.

## ATTORNEY FEES

Pursuant to §24.013 of the Tex. Bus. & Comm. Code, Plaintiff seeks an award of costs and reasonable attorneys' fees.

## XI.

## REQUEST FOR DISCLOSURE

Defendant Marjaneh, with fifty (50) days after service of this Petition, is requested to furnish the information and material described in Texas Rules of Civil Procedure 190.2(6) and 194.2.

---

## XII.

## PRAYER

Wherefore Premises Considered, Plaintiff prays that the Defendant Marjaneh be cited to appear and answer herein and that upon final hearing hereof Plaintiff obtain a judgment against Defendants voiding the transfers and, subject to current or then existing appeal rights, this Court grant other relief such as attachment, execution or other general or equitable relief to which Plaintiff may show itself justly entitled and for which it will ever pray.

                Respectfully submitted,

                GLAST, PHILLIPS & MURRAY, P.C.

By:     /s/ Mark C. Enoch
                Mark C. Enoch
                State Bar No. 06630360
                Matthew K. Enoch
                State Bar No. 24065203
                14801 Quorum Drive
                Suite 500
                Dallas, Texas 75254-1449
                fly63rc@verizon.net
                mkenoch@gpm-law.com

                Telephone:   (972) 419-8300
                Facsimile:    (972) 419-8329

                *ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November, 2019, the foregoing was sent via the efile.txcourts.gov's e-service system to the following:

WILLIAM L. SIEGEL
SIM ISRAELOFF
COWLES & THOMPSON, P.C.
901 Main Street, Suite 3900
Dallas, Texas 75202

                                                              /s/ Mark C. Enoch
                                                              Mark C. Enoch

DC-K-00853



| | | |
|---|---|---|
| GLAST, PHILLIPS & MURRAY, P.C.<br>*Plaintiff* | § § § | IN THE DISTRICT COURT |
| v. | § § | |
| HOSSEIN S. NAMDARKHAN (A/K/A SHAWN NAMDARKHAN A/K/A SHAWN NAMDAR) & BARDIA NAMDARKHAN (A/K/A BRAD NAMDARKHAN A/K/A BRAD NAMDAR)<br>*Defendants/Counter-Plaintiffs/Third Party Plaintiffs* | § § § § § § § § | 193rd JUDICIAL DISTRICT |
| v. | § § | |
| GLAST, PHILLIPS & MURRAY, P.C.<br>*Counter Defendant* | § § § | |
| v. | § § | |
| MARK C. ENOCH, MARK C. ENOCH, P.C. AND MATTHEW ENOCH,<br>*Third Party Defendants* | § § § § | DALLAS COUNTY, TEXAS |

## FINAL CORRECTED JUDGMENT

This Final Corrected Judgment supercedes and replaces the Final Judgment entered in this case on April 13, 2018.

On March 20, 2018 came to be heard the above-styled cause for trial. All parties, each by and through Counsel, appeared for trial. A jury having been requested, at the conclusion of the trial(s), various issues of fact were presented to the jury, having been previously empaneled and sworn, who returned verdicts.[1]

Based upon the verdict of the jury, and the Court's previous rulings, the Court hereby **RENDERS** the following:

A.  Plaintiff Glast, Phillips & Murray, P.C. (hereinafter "GPM") have and recover, jointly and severally, from Defendants Hossein S. Namdarkhan (a/k/a Shawn Namdarkhan a/k/a Shawn Namdar) (hereinafter, "Shawn Namdar") & Bardia Namdarkhan (a/k/a Brad

---

[1] The court bifurcated the issues concerning liability on the underlying breach of contract claim and the issue of attorneys' fees for pursuing such claim.



EXHIBIT A

Namdarkhan a/k/a Brad Namdar) (hereinafter, "Brad Namdar"), judgment in the principal sum of Seventy Thousand Dollars and Eighty Six Cents ($70,000.86), together with prejudgment (simple) interest on the aforementioned sum at the rate of 5.00% *per annum* accruing from January 25, 2016 through April 12, 2018; together with post-judgment (compound) interest on the aforementioned combined sum (*viz.*, principal sum, plus prejudgment interest) at the rate of 5.00% *per annum* accruing from April 13, 2018 until the judgment is satisfied in full.

B. Plaintiff GPM have and recover, jointly and severally, from Defendants Shawn Namdar & Brad Namdar past attorneys' fees in the amount of One Million Two Hundred Seventy Three Thousand Ninety Seven Dollars ($1,273,097.00);

C. Plaintiff GPM have and recover, jointly and severally, from Defendants Shawn Namdar & Brad Namdar (cumulatively), the following future attorneys fees contingent on the following events:

1. Ten Thousand Dollars ($10,000.00) in the event a Defendant files a Motion for New Trial which does not result in a reversal of the judgment rendered herein;

2. Sixty Thousand Dollars ($60,000.00) in the event a Defendant files an Appeal in the Court of Appeals which does not result in a reversal of the judgment rendered herein;

3. Fifteen Thousand Dollars ($15,000.00) in the event a Defendant seeks review before the Texas Supreme Court, requiring a Response from Plaintiffs, and the Texas Supreme Court declines to address the case on the merits;

4. Twenty Thousand Dollars ($20,000.00) in the event a Defendant seeks a review before the Texas Supreme Court, which requires briefing on the merits of the case & does not result in a reversal of the judgment rendered herein;

5. Fifteen Thousand Dollars ($15,000.00) in the event a Defendant seeks review before the Texas Supreme Court, which requires oral argument & does not result in a reversal of the judgment rendered herein;

D. Plaintiff GPM have and recover, jointly and severally, from Defendants Shawn Namdar & Brad Namdar all taxable Court costs;

E. Plaintiff GPM have and recover, jointly and severally, from Defendants Shawn Namdar & Brad Namdar post-judgment (compound) interest on the amounts listed in Sections B & D, *supra*, at the rate of 5.00% *per annum*, accruing from April 13, 2018 until this judgment is satisfied in full.

F. Plaintiff GPM have and recover, jointly and severally, from Defendants Shawn Namdar & Brad Namdar post-judgment (compound) interest on the amounts listed in Section C,

*supra*, if such amounts be awarded, at the rate of 5.00% *per annum*, accruing from the following dates, and until this judgment is satisfied in full.

1. From the date the Motion for New Trial is filed;
2. From the date the Notice of Appeal is filed;
3. From the date the Petition for Review is filed;
4. From the date the Supreme Court indicates that briefing on the merits is required;
5. From the date the Supreme Court indicates that oral argument is required;

G. Based upon the Court's previous rulings on various Motions for Summary Judgment, which the Court incorporates herein, Defendants Shawn Namdar & Brad Namdar take nothing on all their claims for relief against Plaintiff GPM, and Third Party Defendants Mark C. Enoch, Mark C. Enoch, P.C. and Matthew Enoch.

H. The Court hereby **DENIES** all outstanding Motions for Sanctions, not already ruled upon as of this date.

I. The Court hereby **DENIES** Plaintiff GPM's request for relief for attorneys' fees pursuant to Texas Business & Commerce Code §17.50(c).

All writs and process for enforcement and collection of this judgment may issue as necessary.

All relief not granted herein is hereby **DENIED**. This is a final judgment that disposes of all parties and claims.

SIGNED the 24 day of April, 2018.

The Honorable Carl Ginsberg
193rd Judicial District Court